IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CAUSE NO. 4:25-CV-04341 |
| | § § § | |
| SAMEH CHAMI AND UBER TECHNOLOGIES, INC. | § § § | |
| *Defendants.* | § § § | |

**PLAINTIFF JANE DOE'S RESPONSE TO
DEFENDANT UBER TECHNOLOGIES, INC.'S FRCP 12(b)(6) MOTION TO DISMISS**

COMES NOW Plaintiff, Jane Doe, and files this Objection and Response to Defendant Uber Technologies, Inc.'s ("Uber") FRCP 12(b)(6) Motion to Dismiss and respectfully shows the Court as follows:

### I. Factual and Procedural Background

### A. Summary of the Facts That Form the Basis of Plaintiff's Claims

1. The following is contained in Plaintiff's First Amended Petition (Plaintiff filed a Second Amended Complaint and has sought leave to amend and file the same if needed).

2. On or about June 28, 2025, Plaintiff was a passenger in a vehicle driven by Defendant Sameh Chami on behalf of Uber, and Uber arranged to bring Plaintiff safely to her home under the "Safer Together" program. Defendant Chami ultimately brought her to an undisclosed location and committed sexual and physical assault and false imprisonment. When Plaintiff did not arrive home timely, a family member tracked her to a parking lot on West Boulevard and Friendswood Parkway. Defendant forced himself upon the Plaintiff, unfastened her pants, inserted his hand (at

a minimum) into her vagina, and assaulted her, causing serious emotional trauma, mental anguish, and physical harm. The assault was discovered when Plaintiff's family used GPS tracking to locate the vehicle and found her in a distraught condition in the vehicle. Plaintiff's family immediately removed her from the vehicle and reported the assault to law enforcement.

3. Plaintiff specifically alleged that Uber's failure to screen and background check her driver, who it has since been discovered, was not legally permitted to work or reside in the United States, caused the subject incident. Plaintiff also has specifically alleged, among other things, that Uber's failure to include mandatory camera recording in her ride caused the subject incident.

### B. Procedural Background

4. Uber removed Plaintiff's case to this Court on September 19, 2025, on the basis of diversity jurisdiction confirming that their driver had not been legally permitted to work in the United States and was being held in an ICE detention facility. On the same day, Uber moved to dismiss Plaintiff's first amended complaint. Plaintiff has now filed a second amended complaint within 21 days of Uber's 12(b)(6) motion. Out of an abundance of caution, Plaintiff also met and conferred with Defendant Uber requesting agreement to file the motion. Uber refused to provide the agreement, so Plaintiff was forced to also file a motion for leave to amend her complaint, which is pending before this Court. Uber's motion is not only meritless, but it is also moot.

## II. Legal Standard of Review

5. Federal Rules of Civil Procedure 15(a)(1)(B) provides that a party may amend a pleading once as a matter of course within 21 days after service of a motion under, among other authorities, Rule 12(b), if that motion is filed before the responsive pleading. FED. R. CIV. P. 15(a)(1)(B). The filing of an amended complaint moots motions to dismiss. *Reyna v. Deutsche Bank Nat'l Tr. Co., 892 F. Supp. 2d 829, 834 (W.D. Tex. 2012)*; *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint

*Plaintiff's Response to Defendant Uber's Motion to Dismiss* 2

and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). If the Court finds that a party may not amend as a matter of course, the Federal Rules of Civil Procedure provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2) (emphasis added). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1162 (5th Cir. 1983) (citing cases). While leave to amend is not automatic, "there is a strong presumption in favor of granting leave to amend . . . ." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009) (citation omitted); *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993).

6. In determining whether substantial reason exists to deny leave to amend, the Court considers the following factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Ashe,* 992 F.2d at 542 (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Amendment is futile only if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co*., 234 F.3d 863, 873 (5th Cir. 2000). In determining futility, the court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* "Even if substantial reason to deny leave exists, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave." *Jamieson,* 772 F.2d at 1208 (citation omitted).

7. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,*

556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted).

### III. Argument and Authorities

#### A. Defendant Uber's Motion is Moot

8. Defendant Uber filed its Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff amended her complaint on October 9, 2025, superseding all prior complaints. See Exhibit A. This is within 21 days Defendant's 12(b)(6) motion, thus, Plaintiff is permitted to amend her Complaint as a matter of due course. The Motion to Dismiss is Moot.

9. Out of an abundance of caution, Plaintiff requested the Uber agree to her filing of an amended complaint in response to their motion. Uber refused. Plaintiff has moved for leave to amend her complaint. There is no cognizable argument that Plaintiff's motion was for undue delay, in bad faith, made repeatedly to cure previously identified deficiencies or that it provides any prejudice to Defendant. Defendant Uber's only argument against amendment is futility, which also fails under the 12(b)(6) standard. Nevertheless, Plaintiff's live Complaint is not subject to this Motion and, the motion must be denied as moot.

#### B. Plaintiff's Amendment is Not Futile

10. Out of an abundance of caution, Plaintiff will address Defendant's Motion in the unlikely event that the Court finds that the filing of Plaintiff's Second Amended Petition does not moot the motion. Rule 12(b)(6) motion is intended to address a complaint that fails to allege "enough facts

to state a claim to relief that is plausible on its face."[1] "A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] This is accomplished when the complaint "raise[s] a right to relief above the speculative level" that "nudges the claims across the line from conceivable to plausible."[3] The court "should not evaluate the plaintiff's likelihood of success."[4]

11. A court applies the same standard when ruling on a motion for judgment on the pleadings under Rule 12(c) as a Rule 12(b)(6) motion to dismiss for failure to state a claim.[5] "The court cannot look beyond the pleadings."[6] "The pleadings include the complaint and any documents attached to it."[7] A court must accept as true all allegations in the complaint,[8] viewing them in the light most favorable to the plaintiff.[9]

12. Defendant's arguments about their duties, the statutes that apply to the same, and the factual allegations in Plaintiff's claims are not up to date with the factual developments in this case, which have been addressed by Plaintiff's Second Amended Complaint. Since Plaintiff filed her Second Amended Complaint, Plaintiff became aware that Defendant Chami was an illegal alien residing in the United States, which Plaintiff discovered on August 15, 2025, days after she filed her First Amended Petition. Defendant Uber admitted the same in removing this action on

---

[1] *Bonin*, 2021 U.S. Dist. LEXIS 124798 at *8 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, (2007)), *Juarez v. Brownsville Indep. Sch. Dist.*, 2010 U.S. Dist. LEXIS 40098, *12-13 (S.D. Tex.—Brownville Apr. 23, 2010), Hon. Andrew Hanen (citing Fed. R. Civ. P. 12(b)(6) and *Nat'l Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007)).
[2] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)).
[3] *Middaugh v. Interbank*, 2021 U.S. Dist. LEXIS 55800, *11-12 (N.D. Tex. Feb. 5, 2021).
[4] *Bonin*, 2021 U.S. Dist. LEXIS 124798 at *8 (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLLC*, 594 F.3d 383, 387 (5th Cir. 2010)).
[5] *Bonin*, 2021 U.S. Dist. LEXIS 124798 at *8 (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) and *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019)).
[6] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).
[7] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).
[8] *Twombly*, 550 U.S. at 555.
[9] *Bonin*, 2021 U.S. Dist. LEXIS 124798 at *8 (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

the same day they filed this motion, again, days after her First Amended Petition was filed. Even if Plaintiff were to adopt Uber's narrow arguments about the framework of liability in this case, Plaintiff's First Amended Petition and Second Amended Complaint succeed on their face.

13. Discovery will determine when Uber discovered (or should have) Defendant Chami's status and illegally allowed him to drive on their platform, but discovery before or after the assault subjects them to liability under the negligence theories pled by Plaintiff. Plaintiff has alleged in both her First Amended Petition and Second Amended Complaint that the background check for Defendant Chami was inadequate, which would include it not complying with the Texas Occupations Code referenced by Defendant. While Plaintiff does not admit this is the narrow spectrum of liability to consider in this case, even if it were, Plaintiff succeeds in alleging a viable cause of action under Defendant Uber's own framework. To be clear, the failure to adequately background check this driver, as alleged by Plaintiff in her First Amended Petition and live Second Amended Complaint, would subject Uber to liability under Section 2402.107(a)(2) Occupations Code.

14. Furthermore, Plaintiff has pled under a negligence theory [Uber's failure to have in-app mandatory recording] that is not even addressed in their motion. Thus, because their motion does not address each and every one of Plaintiff's theories of liabilities, it must be denied.

### IV. Conclusion

For the foregoing reasons, Defendant Uber's Motion to Dismiss should be Denied.

*[Signatures on Next Page.]*

*Plaintiff's Response to Defendant Uber's Motion to Dismiss* 6

Respectfully submitted,

**THE BUZZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Fed. ID. No. 22679
tbuzbee@txattorneys.com
Caroline E. Adams
cadams@txattorneys.com
State Bar No. 24011198
Fed. ID. No. 27655
Meredith Drukker Stratigopoulos
mdrukker@txattorneys.com
Fed. ID. No. 3465122
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Federal Rules of Civil Procedure on October 9, 2025 by E-Service.

*/s/ Meredith Drukker Stratigopoulos*
Meredith Drukker Stratigopoulos